Shields, J.
This action was based upon the alleged negligence of the plaintiffs in error ift delaying the transportation and delivery of a certain shipment of fruit from New Orleans, La., to the defendants in error at Delaware, Ohio, as a result of which, as claimed, said fruit became unfit for sale in the market and the defendants in error suffered damages.
Plaintiffs below, defendants in error herein, nL their petition in the court below, after averring their copartnership in doing a wholesale fruit business in Delaware, Ohio, the incorporation of the C, C., C. & St. L. Ry. Co., and the relation thereto of Walker D. Hines, as the Director General of Railroads, and as such having the joint possession, control and operation of the property of the said C, C, C. & St. L. Ry. Co., allege that on January 13, 1918, a shipment of bananas was made to them from New Orleans, La., by way of the Illinois Central railroad and the Louisville & Nashville railroad to Cincinnati, Ohio, and that on July 17, 1918, the car containing the bananas was diverted to the C, C, C. & St. L. Ry. Co. for transportation to Delaware, Ohio, at which time the bananas were in good condition and the car iced; that the said car did not arrive at Delaware until 8 P. M. of July 19, 1918, and was not placed by said railway *121 company for unloading until 7 A. M. of July 20, 1918; that the failure of said car to arrive at Delaware until 8 P. M. of July 19, 1918, was due to the negligence of the defendants in the transportation of said bananas in said car and in the delay of the delivery of the same; and that by reason thereof said bananas reached Delaware in bad condition, all of them being more or less overripe and unfit for the general market, to the damage of the plaintiffs in the sum of $503.18, and interest, for which judgment was prayed.
For reasons appearing -in the record the action as to the G, G, C. & St. L. Ry. Co. was dismissed, and upon motion the name of John Barton Payne was substituted for that of Walker D. Hines, as agent, who filed an amended answer and for a first defense admitted the shipment of the bananas, as alleged in said petition, and that the car containing the same arrived in Delaware, Ohio, July 19, 1918, but denied all the other allegations of said petition.
For a second defense he alleged that the car containing the bananas was in charge of a messenger, the agent of plaintiffs, until the same was delivered to the Director General of Railroads, operating the G, G, C. & St. L. railway, at Cincinnati, on July 17, 1918, at 6:30 A. M., and that from that time until its arrival at its destination said car was handled according to the direction of the' plaintiffs in so far as the care of the car was concerned; that said car left Cincinnati July 18, 1918, at 4 A. M., by the first train available for transporting said car after the delivery of the same to the said railway company; that said car was handled from Cincinnati to Delaware on the first train available for *122 transporting the same; and that there was no delay-in the transportation of said car between said points. He therefore asked that said petition be dismissed.
A reply in the nature of a general denial of the allegations contained in the second defense of the foregoing answer was filed by the plaintiffs.
Upon trial had under the issues thus made a verdict and judgment were recovered by the plaintiffs below and a petition in error was filed in this court to reverse the judgment upon the grounds hereinafter stated.
One of the grounds of error assigned in the petition in error was that the court below erred in overruling the demurrer of the Director General of Railroads to the petition of the plaintiff below, because there was no cause of action pleaded therein against him. In view of the averment in the petition that the Director General of Railroads had the “joint possession, control and operation of the property of the said C., C., C. & St. L. Ry. Co.” at the time of the delivery of the said fruit at Cincinnati to said railway company for its destination, we are of the opinion that the action of the court below in overruling the demurrer was proper. True, the record shows that the railway company was afterward, upon motion, eliminated from the case, but the action survived as against the Director General of Railroads — the negligence charged against them being joint. Following the method prescribed by the act of congress approved February 28, 1920, providing for the appointment of an agent by the president after federal control *123 of the railroads had been terminated, and that suits may be brought against him for causes arising before such control, etc., such agent was substituted for the Director General of Railroads and the case properly proceeded against him.
Error in the admission of evidence upon the trial over the objection of the plaintiffs in error was also assigned, especially the evidence given in relation to the value of the fruit. Of course its value was the market value of the fruit at the time and place where purchased. Whether or not the fruit in question was of a particular kind, if there are different grades of fruit of this character, does not appear, and while the price paid for an article of merchandise may not .necessarily determine its value, still occasions sometimes arise where the price paid for an article may be shown and considered ,by the jury as tending to show its value, and in this instance we find nothing in the record in this respect that can be construed as working prejudice to the plaintiffs in error.
Another objection to the testimony was that of the witness Mahoney as to the condition of the fruit on its receipt by him as agent for the railway company. The shipment was of perishable fruit, a condition of which he knew, or was bound to know, and independent of what the rules of the railway company required of him it was plainly his duty to ascertain the condition of the fruit before receiving it for further transportation. His testimony as to his indorsement of the statement referred to in the record, we think, was clearly competent.
*124 Another objection was as to the disposition of the fruit by the defendants in error. It appears that the defendants in error after calling the attention of the agent of the railway company to its condition, who replied “Go ahead and unload them and do the best you can,'” adopted his suggestion and at once took possession of the fruit upon its delivery and placed said car to be unloaded at Delaware on the morning of July 20, 1918, and for aught that appears in the record they were diligent in disposing of it in the best possible manner and for the highest price obtainable therefor, corroborating their testimony as they did by introducing a detailed statement of the persons to whom the fruit was sold and the prices received therefor. This was the measure of their duty, and having done this, was not such sale, or sales, the value of the fruit at that time? We think so.
Making further objections, counsel for plaintiffs in error urge that “there was no evidence to justify the verdict, that there was no evidence to show that there was any delay in the shipment,” and in this connection in their brief they state “that the Big Four Railroad is not required to run special trains to accommodate banana shipments for the plaintiffs,” etc. As already stated, the ground of recovery in this action was negligence — negligence in delaying the transportation of the car containing this fruit from Cincinnati to Delaware, which delay caused damage* to the fruit. The gist of the action was in the charge not only that there was delay in such transportation, but that there was unnecessary delay, amounting to negligence. This was a question to be determined by the jury, under proper in *125 structions of the trial court'. That there was evidence before the jury tending to sustain the contention of both the defendants in error and the plaintiffs in error in this respect is apparent from the evidence contained in the bill of exceptions, and the credibility of the witnesses and the weight to be given their testimony being for the jury, a reviewing court will be slow to disturb the finding of the jury unless for good and sufficient reasons, which do not appear to exist in this case. In passing, we cannot overlook the statement of counsel in reference to running special trains “to accommodate banana shipments for the plaintiffs.” This may be true in a certain sense, but when a common carrier, in this instance a railway company, receives perishable fruit for transportation, does not such carrier undertake to exercise such care and diligence as may be reasonably necessary for the transportation of such fruit? In 6 Cyc., 444, it is laid down that:
“A carrier is bound to know, when he accepts property for shipment, that he has or can obtain facilities for its transportation within a reasonable time, and as to any cause of delay which he might anticipate he should then advise the shipper, and if he does not do so the delay will not be excused.”
And on page 445 the following:
“If the carrier treats all alike and furnishes-transportation as far as his facilities will permit him, as has heretofore been explained, he may refuse to receive goods which he cannot transport, without rendering himself liable in damages for such refusal. Having received goods for transpor *126 tation the same excuse is not open to him, and he may be held to answer for damages due to delay, although occasioned by an unusual press of business, or the lack of proper facilities.”
Having assumed the character of a common carrier, such carrier cannot evade public responsibility by assuming to act arbitrarily in the receipt and transportation of merchandise or other property, nor can it avoid the consequences of a contract clearly implied from the character of its employment. Railroads are amenable to law and must comply with all reasonable requirements looking to the property entrusted to them for transportation, and, in the absence of good reasons appearing to the contrary, they are likewise required to carry out their contracts with reasonable dispatch./
Exceptions were also taken to the charge of the court. Said charge is brief and in our judgment contains a correct statement of the law, including the instructions on the question of damages.
Upon the whole, we find no error in the case prejudicial to the plaintiffs in' error and the judgment of the court below will be affirmed.
Judgment affirmed.
Houck and Patterson, JJ., concur.